UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
KINGVISION PAY-PER-VIEW, LTD.,
as Broadcast Licensee of the November 13, 2004
Ruiz/Golata Program,

                           Plaintiff,

          -against-

RIGOBERTO NUNEZ, Individually and d/b/a
MONUMENTO RESTAURANT, a/k/a EL
MONUMENTO a/k/a MONUMENTO DE SANTIAGO
RESTAURANT a/k/a MONUMENT DE SANTIAGO,
and MONUMENTO RESTAURANT a/k/a
MONUMENTO DE SANTIAGO RESTAURANT, a/k/a
MONUMENTO DE SANTIAGO a/k/a EL
MONUMENTO,

                          Defendants.
------------------------------------------------------------------- X

05-CV-2931 (ARR)(MDG)

NOT FOR
ELECTRONIC OR PRINT
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

      The court has received the Report and Recommendation on the instant case dated August 31, 2007 from the Honorable Marilyn D. Go, United States Magistrate Judge. No objections have been filed. Having reviewed the record pursuant to 28 U.S.C. § 636(b)(1), the court finds that plaintiff has failed to demonstrate an entitlement to recovery against either defendant named in the complaint and accordingly denies plaintiff's motion for default judgment.

      The court adopts Judge Go's finding that plaintiff cannot hold defendant Monumento Restaurant liable for the alleged violations of 47 U.S.C. §§ 553 and 605 for the reasons set forth in the Report and Recommendation.

      The court additionally finds that plaintiff's motion is deficient because plaintiff has failed to provide a reasonable basis for an award of damages against defendant Rigoberto Nunez.

1

Although the complaint alleges that "the defendants individually, willfully and illegally intercepted" the Ruiz/Golota program (Compl. ¶ 9), the documentation filed in support of plaintiff's motion for default judgment fails to provide any ground for recovery against Nunez. Plaintiff's complaint and other documentation provide no basis to support a finding that Nunez was personally involved in the infringing activity or in any way connected with the establishment at which the program in question was shown. The auditor's affidavit relates to a program shown at Monument De Santiago. (Russo Aff.) While the caption purports to sue Nunez as an individual doing business as Monumento Restaurant, the body of the complaint does not allege that Nunez has any connection to Monumento Restaurant or any of its aliases. Plaintiff filed a supplemental affidavit that purports to show the relationship between the individual defendant and the defendant establishment. (Lonstein Affirm. ¶ 2.) The attached liquor license filed in support of that contention indicates that Nunez is the principal of Nunez Grocery Store, which is located at 1068 Nostrand Avenue, Brooklyn, NY 11225. (Id. Ex. A.) The connection between Nunez Grocery Store and Monument De Santiago, which is located at 3019 Atlantic Ave., Brooklyn, NY 11208, eludes the court.

Moreover, plaintiff's submissions fail to show a sufficient connection between the program owned by plaintiff and the program shown at Monument De Santiago. Plaintiff provides evidence that it owned the right to broadcast the "Ruiz/Golota fight" on November 13, 2004. (See Westrich Aff. ¶ 3.) However, plaintiff's damages submissions do not make any connection between the Ruiz/Golota fight and "the fight between Evander Holyfield and Larry McDonald" observed by the auditor being broadcast at Monument De Santiago on November 13, 2004. (Russo Aff.) While plaintiff's complaint states that the Ruiz/Golota program "includes all

2

undercard bouts and the entire television broadcast" (Compl. ¶ 12), there is no evidence supporting an inference that the Holyfield/McDonald fight was an undercard bout that was part of the program owned by plaintiff.

## CONCLUSION

For the reasons set forth above, plaintiff's motion for default judgment is denied. If plaintiff fails to serve and file an amended complaint within 20 days, the court will dismiss the instant action for failure to prosecute. Should plaintiff subsequently be entitled to an award of attorney's fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), the errors and omissions noted above will be taken into consideration when calculating "reasonable attorneys' fees" and costs. The court admonishes plaintiff's attorney for her careless errors and misleading statements in court filings, which have caused needless expenditure of judicial resources.

SO ORDERED.

s/ Judge Allyne R. Ross
Allyne R. Ross
United States District Judge

Dated: September 21, 2007
Brooklyn, New York

SERVICE LIST:

*Counsel for Plaintiff:*
Julie Cohen Lonstein
Lonstein Law Office, P.C.
1 Terrace Hill, Box 351
Ellenville, NY 12428


*Defendants*:
Rigoberto Nunez
200 Cleveland St.
Brooklyn, NY 11208-1017

Monument De Santiago
3019 Atlantic Ave
Brooklyn, NY 11208



cc:     Magistrate Judge Marilyn D. Go